# UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

ROCKET MORTGAGE, LLC F/K/A
QUICKEN LOANS, LLC F/K/A
QUICKEN LOANS, INC.,
a Michigan limited liability company,

      Plaintiff,

v.

SHARP LOAN, INC. F/K/A
STERLING HOMEX INC.,
a California corporation, and
REYNALDO REYES, an individual,

      Defendants.

Case No.: 2:26-cv-10392
Hon. Jonathan J.C. Grey
Magistrate Judge Curtis Ivy, Jr.

## DEFENDANT SHARP LOAN, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Sharp Loan, Inc., ("Sharp Loan") by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Rocket Mortgage LLC's Complaint ("Complaint"), and generally denies all allegations therein except as specifically admitted below.

## ANSWER

## PARTIES, JURISDICTION AND VENUE

1.     Sharp Loan lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.     Admitted.

3.    Admitted.

4.    Paragraph 4 purports only to quote and cite the Broker Agreement, which speaks for itself. Sharp Loan admits only that, to the extent the referenced source was quoted accurately, it contains the quoted language.

5.    Sharp Loan does not contest subject-matter jurisdiction in this Court.

6.    Admitted as to Sharp Loan, only.

7.    Sharp Loan does not contest personal jurisdiction in this Court as to Sharp Loan but otherwise denies as untrue that it has engaged in any conduct resulting in an action for breach of contract or breach of express indemnity. Sharp Loan otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 as pertaining to Defendant Reyes.

8.    Sharp Loan denies as untrue that it has engaged in any conduct making it liable to Plaintiff but does not contest venue in this Court.

## GENERAL ALLEGATIONS

9.    Admitted.

10.    Admitted.

11.    Sharp Loan lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.     Paragraph 12 purports only to quote and cite the Broker Agreement, which speaks for itself. Sharp Loan admits only that, to the extent the referenced source was quoted accurately, it contains the quoted language.

13.     Paragraph 13 purports only to quote and cite the Broker Agreement, which speaks for itself. Sharp Loan admits only that, to the extent the referenced source was quoted accurately, it contains the quoted language.

14.     Paragraph 14 purports only to quote and cite the Broker Agreement, which speaks for itself. Sharp Loan admits only that, to the extent the referenced source was quoted accurately, it contains the quoted language.

15.     Paragraph 15 purports only to quote and cite the Broker Agreement, which speaks for itself. Sharp Loan admits only that, to the extent the referenced source was quoted accurately, it contains the quoted language.

16.     Paragraph 16 states legal conclusions to which no response is required. To the extent a further response is necessary, Sharp Loan denies as untrue the allegations in paragraph 16.

17.     Paragraph 17 purports only to quote and cite the Broker Agreement, which speaks for itself.  Sharp Loan admits only that, to the extent the referenced source was quoted accurately, it contains the quoted language.

18.     Sharp Loan denies as untrue the allegations in paragraph 18.

19.     Sharp Loan denies as untrue the allegations in paragraph 19.

3

20. Sharp Loan denies as untrue the allegations in paragraph 20.

21. Sharp Loan denies as untrue the allegations in paragraph 21.

22. Sharp Loan denies as untrue the allegations in paragraph 22.

23. Sharp Loan denies as untrue the allegations in paragraph 23.

24. Sharp Loan denies as untrue the allegations in paragraph 24.

25. Sharp Loan denies as untrue the allegations in paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a further response is necessary, Sharp Loan admits only that Section 8 of the Broker Agreement outlines the Broker's indemnity obligations but denies as untrue that it has engaged in any conduct or that any circumstance has occurred entitling Rocket to seek indemnity from Sharp Loan or Reyes.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a further response is necessary, Sharp Loan admits only that Section 8 of the Broker Agreement outlines the Broker's indemnity obligations but denies as untrue that it has engaged in any conduct or that any circumstance have occurred entitling Rocket to seek indemnity from Sharp Loan or Reyes.

28. Sharp Loan denies as untrue the allegations in paragraph 28.

29. Sharp Loan denies as untrue the allegations in paragraph 29.

30. Sharp Loan denies as untrue the allegations in paragraph 30.

31. Sharp Loan denies as untrue the allegations in paragraph 31.

32. Sharp Loan denies as untrue the allegations in paragraph 32.

## COUNT I – BREACH OF CONTRACT BY BROKER

33. Sharp Loan incorporates its responses to paragraphs 1 through 32 as if set forth herein.

34. Admitted.

35. Sharp Loan denies as untrue the allegations in paragraph 35.

36. Sharp Loan denies as untrue the allegations in paragraph 36.

37. Sharp Loan denies as untrue the allegations in paragraph 37.

38. Sharp Loan denies as untrue the allegations in paragraph 38.

WHEREFORE, Sharp Loan respectfully requests that the Court dismiss the complaint with prejudice, enter a judgment of no cause of action denying Plaintiff any relief whatsoever, and award Sharp Loan all costs and fees to which it is entitled by applicable law or in equity.

## COUNT II – BREACH OF EXPRESS INDEMNITY AGREEMENT BY BROKER

39. Sharp Loan incorporates its responses to paragraphs 1 through 38 as if set forth herein.

40. Sharp Loan admits only that the Broker Agreement is a valid and binding agreement but denies as untrue that it has breached the Broker Agreement or engaged in any conduct or that any circumstances have occurred entitling Rocket to seek indemnity from Sharp Loan.

41.     Sharp Loan admits only that Section 8 of the Broker Agreement outlines the Broker's indemnity obligations but denies as untrue the remaining allegations in paragraph 41.

42.     Sharp Loan denies as untrue the allegations in paragraph 42.

43.     Sharp Loan denies the allegations in paragraph 43.

WHEREFORE, Sharp Loan respectfully requests that the Court dismiss the complaint with prejudice, enter a judgment of no cause of action denying Plaintiff any relief whatsoever, and award Sharp Loan all costs and fees to which it is entitled by applicable law or in equity.

## COUNT III – FRAUD AGAINST DEFENDANT REYES

44.     Sharp Loan incorporates its responses to paragraphs 1 through 43 as if set forth herein.

45.     The allegations in Paragraph 45 are not directed at Sharp Loan, and therefore, no response by Sharp Loan is required. To the extent a response is required, Sharp Loan denies as untrue the allegations set forth in paragraph 45.

46.     The allegations in Paragraph 46 are not directed at Sharp Loan, and therefore, no response by Sharp Loan is required. To the extent a response is required, Sharp Loan denies as untrue the allegations set forth in paragraph 46.

47.     The allegations in Paragraph 47 are not directed at Sharp Loan, and therefore, no response by Sharp Loan is required. To the extent a response is required, Sharp Loan denies as untrue the allegations set forth in paragraph 47.

48.     The allegations in Paragraph 48 are not directed at Sharp Loan, and therefore, no response by Sharp Loan is required. To the extent a response is required, Sharp Loan denies as untrue the allegations set forth in paragraph 48.

WHEREFORE, Sharp Loan respectfully requests that the Court dismiss the complaint with prejudice, enter a judgment of no cause of action denying Plaintiff any relief whatsoever, and award Sharp Loan all costs and fees to which it is entitled by applicable law or in equity.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, and without assuming any burden that it would not otherwise have, Sharp Loan states as follows. Sharp Loan reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

1.     Plaintiff fails, in whole or in part, to state any claim upon which relief may be granted.

2.     Plaintiff's fraud claim fails because it does not plead the alleged fraud with particularity, as required by Fed. R. Civ. P. 9(b).

3.     Plaintiff's fraud claim fails because it did not reasonably rely on any

alleged representations by Sharp Loan.

4.      Plaintiff's claims, in whole or in part, fail under the doctrines of unclean hands, waiver, and/or estoppel.

5.      Plaintiff has not suffered an indemnifiable loss.

6.      Sharp Loan maintains that it acted in good faith in all matters and things alleged in the Complaint.

7.      Plaintiff is estopped from pursuing the claims asserted in the Complaint by reason of Plaintiff's own actions and course of conduct.

8.      Plaintiff's claims fail, in whole or in part, because it does not have damages or failed to mitigate its damages.

9.      Plaintiffs' claims are barred by the economic loss doctrine.

10.     Plaintiff's claims are barred, in whole or in part, by its failure to provide timely and proper notice of any alleged breach as expressly required by the Broker Agreement.

Respectfully submitted,

*/s/ Lena M. Gonzalez*
Moheeb H. Murray (P63893)
Lena M. Gonzalez (P81330)
Bush Seyferth PLLC
100 W Big Beaver Road, Ste. 400
Troy, MI 48084-5283
(248) 822-7815 | (248) 822-7000
murray@bsplaw.com
gonzalez@bsplaw.com

Dated: April 16, 2026                *Attorneys for Defendants*

8